UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRADLEY WHEELER,

Petitioner,

v.

ALICIA CARVER, et al.,

Respondents.

Case No. 1:26-cv-00215-DCN

**INITIAL REVIEW ORDER**

Pending before the Court is Petitioner Bradley Wheeler's Petition for Writ of Habeas Corpus. This case is another of Petitioner's many cases in which he has challenged the same Idaho state court conviction. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho, filed Dec. 5, 2024); *Wheeler v. Petty*, No. 1:24-cv-00593-DCN (D. Idaho, filed Dec. 9, 2024); *Wheeler v. Petty*, No. 1:24-cv-00620-DCN (D. Idaho, filed Dec. 18, 2024); *Wheeler v. Petty*, No. 1:25-cv-00028-DCN (D. Idaho, filed Jan. 16, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-AKB (D. Idaho, filed March 10, 2025); *Wheeler v. Carver*, No. 1:26-cv-00024-AKB (D. Idaho, filed Jan. 14, 2026).

The Court is required to review every habeas petition upon receipt to determine whether a petitioner may proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). A petition must be dismissed if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; *see*

INITIAL REVIEW ORDER - 1

*also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

## REVIEW OF PETITION

**1.      Duplicative Habeas Claim**

Petitioner claims that he has been incarcerated longer than his sentence allows. *Pet.*, Dkt. 1, at 4 ("Federal Judge Richard Eisman Jr. told me that I was not to spend not [sic] 1 day past 18 months in prison on the persistent violator."). Petitioner asserted this same claim in *Wheeler v. Ross*, No. 1:24-cv-00586-BLW (D. Idaho), which was dismissed on April 21, 2026—after Petitioner filed the instant case.

As the Court noted in Petitioner's first habeas case, Petitioner's stated intention to file a habeas corpus case every week until he is released—notwithstanding that he already had a habeas petition pending in this Court challenging the same conviction—constitutes an abuse of process. *Wheeler v. Ross*, No. 1:24-cv-00586-BLW, Dkt. 5 at 3. Accordingly, Petitioner's habeas claim is subject to dismissal as duplicative.

**2.      Conditions-of-Confinement Claims**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted).

INITIAL REVIEW ORDER - 2

Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, a prisoner's conditions of confinement. *Id*. Therefore, "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983, the federal civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

In addition to claiming that he has been incarcerated longer than the law allows, Petitioner also challenges the conditions of his confinement. *Pet*. at 3, 6–9. The remedy for such alleged violations would not be an immediate or speedier release from confinement, *see Preiser*, 411 U.S. at 500, but instead an award of monetary damages or an order requiring the cessation of illegal activities. Because these claims "do[] not lie at the core of habeas corpus," they are not cognizable—meaning they cannot be heard—in this habeas case. *Nettles*, 830 F.3d at 931. Thus, Petitioner's conditions-of-confinement claims are subject to dismissal.[1]

## ORDER

**IT IS ORDERED:**

1.     The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice.

---

[1] This case is not the first time the Court has explained to Petitioner the difference between habeas claims and conditions-of-confinement claims. *See Wheeler v. Ross*, No. 1:24-cv-00586-BLW, Dkt. 5 at 2–3 (D. Idaho Feb. 10, 2025); *Wheeler v. Petty*, No. 1:24-cv-00593-DCN, Dkt. 5 at 1 n.1 (D. Idaho March 20, 2025); *Wheeler v. Petty*, No. 1:25-cv-00135-AKB, Dkt. 6 at 2–3 (D. Idaho July 29, 2025); *Wheeler v. Petty*, No. 1:24-cv-00620-DCN, Dkt. 6 at 2–3 (D. Idaho Aug. 20, 2025); *Wheeler v. Petty*, No. 1:25-cv-00028-DCN, Dkt. 6 at 2 (D. Idaho Aug. 19, 2025). Plaintiff's continued insistence on filing claims he knows are noncognizable supports a conclusion that Plaintiff is abusing the judicial process.

INITIAL REVIEW ORDER - 3

2.      The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11.

DATED: July 9, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 4